[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 483.]

OFFICE OF DISCIPLINARY COUNSEL *v*. FELMAN.

[Cite as *Disciplinary Counsel v. Felman*, 1995-Ohio-231.]

*Attorneys at law—Misconduct—Indefinite suspension—Conviction of conspiracy to conceal assets and income of client—Late filing and payment of attorney registration fees—Repeated failure to timely register as an inactive attorney.*

(No. 95-393—Submitted April 4, 1995—Decided July 12, 1995.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 94-61.

_____

{¶ 1} In a complaint filed August 15, 1994, relator, Office of Disciplinary Counsel, charged respondent, David Sherman Felman, last known address in Fort Lauderdale, Florida, Attorney Registration No. 0038302, with two counts of professional misconduct. A panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") considered the matter on the parties' "Agreed Stipulations, Recommendation for Sanctions, and Waiver of Hearing."

{¶ 2} With respect to Count I, the parties stipulated, in part, as follows:

"* * * Respondent * * * was admitted to the practice of law in the State of Ohio on November 4, 1977.

"* * * On March 3, 1994, an Information was filed against Respondent in the United States District Court for the Northern District of Ohio, Eastern, Division, in *United States of America v. David S. Feldman and Howard J. Wright, Jr.* [*sic*], Case No. 1:94CR0074 charging him with one (1) count of conspiracy (a felony offense), in violation of Title 18, United States Code, Section 371. The Information charged that from on or about April 1983 to August 1989[,] Respondent engaged

in a conspiracy to conceal assets and income of his client, Howard J. Wichert, Jr. [sic], who had earned monies from illegal gambling.

"* * * On March 31, 1994, Respondent entered a Plea Agreement whereby he agreed to enter a plea of guilty to the charge of conspiracy, in violation of Title 18, United States Code, Section 371, in return for a promise that no additional charges would be brought against him arising out of the incident.

"* * * On May 12, 1994, Respondent was sentenced to confinement for a term of eighteen (18) months, supervised release for a term of two years, and a fine of Twenty-five Thousand Dollars ($25,000.00). Respondent was committed to the custody of the United States Bureau of Prisons and commenced service of his imprisonment sentence on May 13, 1994."

{¶ 3} Respondent admitted that this conduct violated DR 1-102(A)(3) (illegal conduct involving moral turpitude), 1-102(A)(4) (conduct involving fraud, deceit, dishonesty, or misrepresentation), and 1-102(A)(6) (conduct that adversely reflects on fitness to practice law).

{¶ 4} With respect to Count II, the parties stipulated that respondent filed his Certificate of Registration with the Clerk of the Supreme Court and paid his fees late for four out of the last five biennial periods. He registered "inactive" for the 1985-1987 biennium on April 20, 1988, nearly thirty-one months late. Respondent continued to file as an inactive attorney for the 1987-1989, 1991-1993, and 1993-1995 biennia; however, he did not file timely for any of these registration periods. Respondent stipulated that this conduct violated the timely registration requirements of "Gov.Bar R. VI(1) and (3) [*sic*, 2]."

{¶ 5} The parties jointly suggested that respondent receive an indefinite suspension for his misconduct. After noting respondent's complete cooperation in the disciplinary proceedings, the panel recommended imposition of an indefinite suspension from the practice of law. The board agreed, adopting the panel's findings of fact, conclusions of law, and recommended sanction.

2

---

*Geoffrey Stern*, Disciplinary Counsel, and *Sally Ann Steuk*, Assistant Disciplinary Counsel, for relator.

*Stewart I. Mandel*, for respondent.

---

**Per Curiam.**

{¶ 6} We concur in the board's findings that respondent violated the cited Disciplinary Rules and with its recommendation. We, therefore, order that respondent be suspended indefinitely from the practice of law in Ohio. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

---