OFFICE OF DISCIPLINARY COUNSEL *v.* GINSBERG.

[Cite as *Disciplinary Counsel v. Ginsberg* (1997), 78 Ohio St.3d 306.]

(No. 96–2477—Submitted January 22, 1997—Decided April 30, 1997.)

308

*Geoffrey Stern*, Disciplinary Counsel, and *Alvin E. Mathews*, Assistant Disciplinary Counsel, for relator.

*Charles W. Kettlewell*, for respondent.

*Per Curiam.* Upon review of the record, we adopt the findings, conclusions and recommendations of the board. For violations of Section 371, Title 18, U.S.Code, we have previously imposed an indefinite suspension from the practice of law. *Disciplinary Counsel v. Felman* (1995), 72 Ohio St.3d 483, 650 N.E.2d 1358. Here, the record demonstrates that respondent had an excellent reputation prior to his felony conviction, that he worked with prosecutors and the IRS to unravel a complicated tax conspiracy, and that he has shown remorse for his actions. Nevertheless, respondent's recognition of his involvement in this scheme to impede the IRS and his cooperation with federal authorities did not commence until after the formal investigation began. We see no reason to retreat from the type of sanction we have previously imposed.

Taking the facts most favorably to respondent, we find a case where an attorney's reach for a more sophisticated practice exceeded his grasp of the legal tools required to work competently in the field. As a result, respondent did not try to nor was he able to understand the illegal or fraudulent actions which his clients were requesting. Our ethical considerations indicate that an attorney should accept employment only in matters which he is or intends to become competent to handle. This situation demonstrates what may befall an attorney unable to perform the "due diligence" necessary to practice in a particular area of law.

We hereby indefinitely suspend respondent from the practice of law in Ohio with no credit for time served. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.