[This opinion has been published in *Ohio Official Reports* at 78 Ohio St.3d 306.]

OFFICE OF DISCIPLINARY COUNSEL *v*. GINSBERG.

[Cite as *Disciplinary Counsel v. Ginsberg*, 1997-Ohio-217.]

(No. 96-2477—Submitted January 22, 1997—Decided April 30, 1997.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 96-23.

———————————

{¶ 1} On February 13, 1996, relator, Office of Disciplinary Counsel, filed a complaint alleging that respondent, Melvin R. Ginsberg of Cleveland, Ohio, Attorney Registration No. 0027592, had pled guilty in federal district court and was convicted of conspiracy to impede the collection of income taxes. Relator charged that this felony conviction establishes that respondent had violated DR 1-102(A)(3) (illegal conduct involving moral turpitude), 1-102(A)(4) (conduct involving dishonesty, fraud, deceit, and misrepresentation), and 1-102(A)(6) (conduct adversely reflecting on his fitness to practice law). In March 1996, pursuant to Gov.Bar R. V(5)(A)(3), we issued an order indefinitely suspending respondent from the practice of law in Ohio. *In re Ginsberg* (1996), 75 Ohio St.3d 1414, 661 N.E.2d 762.

{¶ 2} On July 1, 1996, a hearing was held before a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board"), which found that respondent began to practice law in 1977 by opening two legal clinics which catered to the middle-class working individual. Prior to his conviction, respondent had an impeccable reputation in the community and primarily handled real estate, probate, domestic relations, bankruptcy, and small commercial business matters. The panel found that in 1988, after being contacted by an attorney friend, respondent agreed to represent Reuben Sturman in real estate, trust, and corporate areas of the law, believing this representation would provide an

opportunity for him to move to a more "glamorous" legal practice. Respondent was aware at the time that he undertook this representation that Sturman was involved in several controversies with the Internal Revenue Service.

{¶ 3} Respondent's work for Sturman consisted primarily in representing Gemstone, Inc., a company controlled by Sturman, in the acquisition of real estate, the management of commercial properties, and the filing, although not the preparation, of its federal tax returns. Some of respondent's services, particularly those involving negotiations with Swiss and Panamanian attorneys, offshore trusts, and the transfers of real estate to and from Gemstone, were based on information supplied by others working with Sturman, which respondent, being inexperienced in the legal areas involved, did not question. Ultimately, the Internal Revenue Service filed charges against several persons connected with Sturman and Gemstone for conspiracy to evade taxes. Respondent was among those charged.

{¶ 4} From the inception of the federal investigation in September 1993, respondent recognized his wrongdoing and cooperated with prosecutors in their efforts to obtain convictions against the conspirators. Respondent was indicted in January 1995 and pled guilty in September of that year. Although respondent was convicted on the basis of his guilty plea, both the prosecuting attorney and a treasury agent praised his cooperation and his remorse. The penalty imposed by the federal court, three years of probation, including six months of home confinement, three hundred hours of community service, and no fine, was the least severe penalty that could be imposed for the crime charged.

{¶ 5} The panel concluded that respondent's actions had violated DR 1-102(A)(4) and (6), and recommended that the respondent be indefinitely suspended from the practice of law with no credit for time served. The board adopted the findings and conclusions of the panel, but also found a violation of DR 1-102(A)(3) (illegal conduct involving moral turpitude). The board recommended an indefinite suspension with no credit for time served.

2

---

*Geoffrey Stern*, Disciplinary Counsel, and *Alvin E. Mathews*, Assistant Disciplinary Counsel, for relator.

*Charles W. Kettlewell*, for respondent.

---

### *Per Curiam.*

{¶ 6} Upon review of the record, we adopt the findings, conclusions and recommendations of the board. For violations of Section 371, Title 18, U.S. Code, we have previously imposed an indefinite suspension from the practice of law. *Disciplinary Counsel v. Felman* (1995), 72 Ohio St.3d 483, 650 N.E.2d 1358. Here, the record demonstrates that respondent had an excellent reputation prior to his felony conviction, that he worked with prosecutors and the IRS to unravel a complicated tax conspiracy, and that he has shown remorse for his actions. Nevertheless, respondent's recognition of his involvement in this scheme to impede the IRS and his cooperation with federal authorities did not commence until after the formal investigation began. We see no reason to retreat from the type of sanction we have previously imposed.

{¶ 7} Taking the facts most favorably to respondent, we find a case where an attorney's reach for a more sophisticated practice exceeded his grasp of the legal tools required to work competently in the field. As a result, respondent did not try to nor was he able to understand the illegal or fraudulent actions which his clients were requesting. Our ethical considerations indicate that an attorney should accept employment only in matters which he is or intends to become competent to handle. This situation demonstrates what may befall an attorney unable to perform the "due diligence" necessary to practice in a particular area of law.

{¶ 8} We hereby indefinitely suspend respondent from the practice of law in Ohio with no credit for time served. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____